IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL ALLEN FEATHERS                                                    PLAINTIFF

V.                              Case No. 4:25-CV-01199-DPM-BBM

CHELSEA HAVELKA, L.P.N., Pulaski
County Detention Center                                                   DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.    INTRODUCTION

On November 17, 2025, Plaintiff Michael Allen Feathers, an inmate in the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against Defendant Chelsea Havelka. (Doc. 2). Before Feathers may proceed

with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II.    ALLEGATIONS

Feathers alleges that, on March 21, 2025, he was seen in the PCRDF's medical department by Havelka. (Doc. 2 at 4). During that interaction, Havelka addressed herself as a health care provider and an APRN. *Id.* Feathers believes that Havelka misrepresented her qualifications during the March 21 interaction and in ongoing litigation ("*Feathers I*")[2] and is really an LPN. *Id.* Feathers's allegations appears to be based on the September 29, 2025 Notice of Appearance filed in *Feathers I*, in which Havelka's counsel refers to her as "Defendant Chelsea Havelka, LPN." *Feathers I*, (Doc. 42) (September 29, 2025 Notice of Appearance); *see also* (Doc. 2 at 4–5) ("Her coun[s]el addressed herself as an L.P.N....The Defendant Chelsea Havelka medical title changes from 3-21-2025 to 9-29-2025."). Feathers alleges that "[i]mpersonation of a Doctor is against the Law." (Doc. 2 at 4).

Feathers sues Havelka in her official and individual capacities. (Doc. 2 at 2). He seeks relief for "fraud" in the form of compensatory damages. *Id.* at 6.

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] In that ongoing litigation, Feathers is pursuing a deliberate-indifference claim based on alleged inadequate medical care provided on March 21, 2025. *Feathers v. Havelka*, 4:25-CV-00388-LPR (E.D. Ark.), (Docs. 2, 4).

## III.    SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Feathers's allegations and placing them within the proper legal framework, he brings a state law tort claim of fraud against Havelka. *See Calandro v. Parkerson*, 327 Ark. 131, 137, 936 S.W.2d 755, 759 (1997) (listing the elements of the tort of deceit, "also known as fraud or misrepresentation"). The Court cannot glean from the facts alleged any claim arising under the federal Constitution, laws, or treaties.[3] 28 U.S.C.

---

[3] Feathers makes a passing reference to Havelka "not addressing [his] medical needs." (Doc. 2 at 4). But the only date alleged in the Complaint is March 21, 2025, and, as discussed, Feathers is already pursuing his medical-deliberate-indifference claims related to that date in ongoing litigation. *See supra* note 2. Feathers "may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001).

§ 1331. And Feathers makes no allegation of diversity of citizenship between himself and Havelka. 28 U.S.C. § 1332. As such, the Court lacks subject-matter jurisdiction over this action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for "diversity of citizenship jurisdiction.") (cleaned up).

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.    Feathers's Complaint, (Doc. 2), be DISMISSED without prejudice for lack of subject-matter jurisdiction.

2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 18th day of November, 2025.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE